**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

WESTERN DISTRICT OF MICHIGAN

Case number *(if known)* _____

Chapter you are filing under:
- ☐ Chapter 7
- ☒ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | Great Lakes Comnet, Inc. |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | FDBA  SPECTRUM LIGHTWAVE<br>FDBA  MICHIGAN LIGHTWAVE<br>FDBA  GREAT LAKES CABLENET |
| 3. | Debtor's federal Employer Identification Number (EIN) | 38-3328180 |
| 4. | Debtor's address | **Principal place of business**<br><br>1515 Turf Lane, Ste 100<br>East Lansing, MI 48823<br>Number, Street, City, State & ZIP Code<br><br>Clinton<br>County | **Mailing address, if different from principal place of business**<br><br>_____<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | http://www.glcom.net |
| 6. | Type of debtor | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership<br>☐ Other. Specify: _____ |

| | | |
|---|---|---|
| 7. | Describe debtor's business | A. *Check one:* |

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53AB))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*
☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80a-3)

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.naics.com/search/.
    5171

---

**8. Under which chapter of the Bankruptcy Code is the Debtor filing?**

*Check one:*
☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every three years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operation, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 (Official Form 201A)* with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.
☐ Yes.

If more than 2 cases, attach a separate list.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | **Comlink, L.L.C.** | | Relationship to you | **Affiliate** |
|---|---|---|---|---|
| District | **Western District of Michigan** | When **1/25/16** | Case number, if known | |

| 11. | Why is the case filed in this district? | Check all that apply: |
|---|---|---|
| | | ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | | ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

| 12. | Does the debtor own or have possession of any real property or personal property that needs immediate attention? | ■ No |
|---|---|---|
| | | ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed. |

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
    Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.   Insurance agency _____
         Contact name _____
         Phone _____

---

■ **Statistical and administrative information**

| 13. | Debtor's estimation of available funds | Check one: |
|---|---|---|
| | | ■ Funds will be available for distribution to unsecured creditors. |
| | | ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors. |

| 14. | Estimated number of creditors | ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|---|---|
| | | ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| | | ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| | | ■ 200-999 | | |

| 15. | Estimated Assets | ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
|---|---|---|---|---|
| | | ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| | | ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| | | ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| 16. | Estimated liabilities | ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
|---|---|---|---|---|
| | | ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| | | ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| | | ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

### Request for Relief, Declaration, and Signature

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  01/22/2016
MM / DD / YYYY

X _____
Signature of authorized representative of debtor

**John Summersett**
Printed name

Title   **Chief Executive Officer**

**18. Signature of attorney**

X _____
Signature of attorney for debtor

Date _____
MM / DD / YYYY

**Stephen S. LaPlante**
Printed name

**Miller Canfield Paddock & Stone PLC**
Firm name

**150 West Jefferson Ave., Suite 2500
Detroit, MI 48226**
Number, Street, City, State & ZIP Code

Contact phone  **313-963-6420**     Email address  **laplante@millercanfield.com**

**P48063 (MI)**
Bar number and State

## GREAT LAKES COMNET, INC.

### Secretary's Certificate

I, Janet Beilfuss, secretary of Great Lakes Comnet, Inc. ("Company"), DO HEREBY CERTIFY that the resolutions attached as Exhibit A were duly adopted by the Board of Directors of the Company on this date, and are now in full force and effect.

IN WITNESS WHEREOF, I have duly executed this Certificate on September 24, 2015.

*/s/ Janet Beilfuss*
Janet Beilfuss
Secretary

**Exhibit A**

# RESOLUTIONS OF THE BOARD OF DIRECTORS
# OF GREAT LAKES COMNET, INC.

**WHEREAS**, the Board of Directors ("Board of Directors") of Great Lakes Comnet, Inc. ("Company"), at a meeting held on September 21, 2015, has considered the financial condition and circumstances of the Company, including without limitation, the assets and liabilities of the Company and its operational performance; and

**WHEREAS,** the Board of Directors has had the opportunity to consult with the management and advisors of the Company and fully consider each of the strategic alternatives available to the Company.

NOW, THEREFORE, IT IS HEREBY:

**1.     Filing of Voluntary Petition Under the Provisions of Chapter 11 of the United States Bankruptcy Code**

**RESOLVED**, that, in the judgment of the Board of Directors of the Company, it is desirable and in the best interest of the Company, its creditors and other parties in interest, that the Company file or cause to be filed a voluntary petition for relief ("Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Michigan ("Bankruptcy Court"); and it is further

**RESOLVED,** that the officers of the Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all actions that they deem necessary or proper to obtain such relief, including, without limitation, payment of all fees and expenses related thereto and any action necessary to maintain the ordinary course of operation of the Company's business; and it is further

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Miller, Canfield, Paddock and Stone, PLC as bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of Miller, Canfield, Paddock and Stone, PLC; and it is further

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and directed to employ Alix Partners LLP as business and restructuring advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all

1

actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of Alix Partners LLP; and it is further

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and directed to employ a claims and noticing agent, as notice, claims and balloting claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of the claims and noticing agent; and it is further

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Offices are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and it is further

**2.     Further Actions and Prior Actions**

**RESOLVED,** that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the officers of the Company or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such officer or officers' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein; and it is finally

**RESOLVED,** that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done and in the name of and on behalf of the Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before these Resolutions were certified, are hereby in all respects approved and ratified.