UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re: | Chapter 11 |
| GREAT LAKES COMNET, INC. | Case No. 16-00290 (jtg ) |
| Debtor. | |
| _____ | |
| In re: | Chapter 11 |
| COMLINK, L.L.C. | Case No. 16-00292 (jtg ) |
| Debtor. | |
| _____/ | Honorable John T. Gregg |

**INTERIM ORDER (A) PROHIBITING UTILITIES
FROM TERMINATING SERVICES TO THE DEBTORS AND
(B) ESTABLISHING PROCEDURES FOR RESOLVING DISPUTES
RELATING TO ADEQUATE ASSURANCE REQUESTS**

Before the Court is the *Debtors' Motion for an Order (A) Prohibiting Utilities from Terminating Services to the Debtors and (B) Establishing Procedures for Resolving Disputes Relating to Adequate Assurance Requests* filed on January 25, 2016 (the "Motion"). The Court having considered the Motion, the *Declaration of John Summersett in Support of Chapter 11 Petitions and First Day Motions*, and the record in this case, and it appearing to the Court that (a) the Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (d) sufficient notice of the Motion has been provided through service given to the Office of the United States Trustee, counsel for the Debtors' pre-petition secured lender, the Debtors' twenty (20) largest unsecured creditors, and the Utilities Companies (ad defined herein); and (e) good and sufficient cause exists for the relief granted herein,

Accordingly, it is hereby **ORDERED** as follows:

1. The Motion is **GRANTED on an INTERIM BASIS** pursuant to the terms of this Order.[1]

2. The Debtors are authorized to pay on a timely basis, in accordance with its prepetition practices, all undisputed invoices with respect to post-petition utility services rendered by the Utility Companies to the Debtors.

3. Subject to the procedures described below, no Utility Company may alter, refuse, terminate, or discontinue services to, or discriminate against, the Debtors on the basis of commencement of these chapter 11 cases or on account of unpaid invoices for service provided by any of the Utility Companies to the Debtor prior to the Petition Date.

4. Notwithstanding the terms of paragraph 3 above, the following procedures will be used by the Court to determine, if necessary, whether the requested assurance of payment by a Utility Company is adequate (the "Determination Procedures"):

   A. Within five (5) days after the entry of this Order (the "Utility Order"), the Debtors will serve a copy of the Utility Order to the Utility Companies on the Utility Service List.

   B. A Utility Company that seeks to demand adequate assurance of payment from the Debtors must make a written request for such assurance of payment (a "Request") and serve such Request so that, within thirty (30) days after service of the Utility Order, the Request is received by counsel for the Debtors at Miller, Canfield, Paddock & Stone, PLC; Attn: Stephen S. LaPlante; 150 West Jefferson, Suite 2500; Detroit, Michigan 48226. Any such Request by a Utility Company must

---

[1] Capitalized terms not otherwise defined herein have the meanings set forth in the Motion.

specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company and must set forth (i) the type of utility services that are provided and the associated account number, (ii) the location for which the relevant utility services are provided, (iii) a list of any deposits or other security currently held by such Utility Company immediately prior to the Petition Date on account of the Debtors, (iv) a description of any payment delinquency or irregularity by the Debtors for the post-petition period, and (v) the average amount owed by the Debtors for the prior six months.

C. Without further order of the Court, the Debtors may enter into agreements granting to the Utility Companies that have submitted Requests any assurance of payment that the Debtors, in their sole discretion, determine is reasonable, including (a) a form of assurance of payment enumerated in § 366(c)(1)(A)(i) - (vi) of the Bankruptcy Code, as determined by the Debtors in their sole discretion, (b) security deposits in an amount equal to the lesser of (i) one month's average utility usage or (ii) the amount of deposit provided to such Utility Company prior to the Petition Date, or (c) any combination of these forms of assurance.

D. If a Utility Company timely submits a Request that the Debtors believe is unreasonable, the parties will negotiate in good faith for up to twenty (20) days after the date of receipt of the Request (the "Negotiation Period"). If the parties are unable to resolve the issue within the Negotiation Period, the Debtors will (i) file a motion with the Court seeking to modify the Request to an amount or form that the Debtors believe is adequate with respect to the requesting Utility Company and asking the Court to resolve the issue (a "Determination Motion"),

and (ii) schedule the Determination Motion to be heard by the Court that is at least twenty-one (21) days after the filing of the Determination Motion. The Utility Company may not alter, refuse, terminate, or discontinue services to the Debtors during the Negotiation Period, or, if a Determination Motion has been filed, until the Court enters an order resolving the Determination Motion.

E. Any Utility Company that does not timely request assurance of payment through a Request pursuant to the Determination Procedures automatically will be deemed to have received assurance of payment that is satisfactory to the Utility Company under § 366(c)(2) of the Bankruptcy Code without further action by the Debtors and without prejudice to the right of such Utility Company to seek relief in the future pursuant to § 366(c)(3)(A) for any default by the Debtors in post-petition payments owed to the Utility Company.

F. Any property provided by the Debtors to a Utility Company for assurance of payment in accordance with this Order or the Determination Procedures will, to the extent not used by the Utility Company to satisfy a post-petition default, be returned to the Debtors within thirty (30) days after the effective date of (i) any plan(s) of reorganization in these Chapter 11 cases without further order of the Court, (ii) a sale of substantially all of the Debtors' assets pursuant to § 363 of the Bankruptcy Code or (iii) a conversion of these Chapter 11 cases to Chapter 7.

5. In addition, the Debtors are authorized, as necessary, to provide notice and a copy of this Utility Order to Utility Companies not listed on the Utility Services List (collectively, the "Additional Utility Companies") as such Additional Utility Companies are identified. Such Additional Utility Companies will be subject to the terms of the Utility Order, including the

Determination Procedures. If an Additional Utility Company fails to submit a Request within thirty (30) days after being served with this Utility Order, the Additional Utility Company will be deemed to have received adequate assurance of payment that is satisfactory to such Additional Utility Company pursuant to § 366(c)(2) of the Bankruptcy Code without prejudice to the right of such Additional Utility Company to seek relief in the future pursuant to § 366(c)(3)(A) for any default by the Debtors in post-position payments owed to the Additional Utility Company.

6. Notwithstanding anything to the contrary herein, any payment made pursuant to this Order will be subject to any requirements imposed on the Debtors under any order entered by the Court with respect to the use of cash collateral or post-petition financing.

7. The Utility Order is subject to any objection filed by February 25, 2016. In the event an objection is timely filed, the Court will hold a hearing on the objection at the United States Bankruptcy Court, 1 Division Ave. N., Room 200, Grand Rapids, Michigan, on March 3, 2016, at 10:00 a.m., or as soon thereafter as may be heard. In the event that no objections are timely filed, this Utility Order will become a final order without further order or notice from the Court.

8. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order

## END OF ORDER

*Order prepared and submitted by:*

Timothy A. Fusco (P13768)
Stephen S. LaPlante (P48063)
Proposed Attorneys for the Debtors
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 963-6420
laplante@millercanfield.com

Proposed Attorneys to the Debtors
and Debtors-in-Possession

**Signed: January 27, 2016**




John T. Gregg
United States Bankruptcy Judge