UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re: | Chapter 11 |
| GREAT LAKES COMNET, INC. | Case No. 16-00290 (jtg) |
| Debtor. | |
| _____ | |
| In re: | Chapter 11 |
| COMLINK, L.L.C. | Case No. 16-00292 (jtg) |
| Debtor. | |
| _____/ | Honorable  John T. Gregg |

ORDER AUTHORIZING PAYMENT OF
(A) PREPETITION EMPLOYEE WAGES, SALARIES AND RELATED ITEMS;
(B) PREPETITION CONTRIBUTIONS UNDER EMPLOYEE BENEFIT PLANS; AND
(C) PREPETITION EMPLOYEE PAYROLL DEDUCTIONS

Before the Court is the *Debtors' Motion for an Order (I) Authorizing Payment of (A) Prepetition Employee Wages, Salaries and Related Items; (B) Prepetition Contributions Under Employee Benefit Plans; and (C) Prepetition Employee Payroll Deductions; and (II) Granting Further Relief* filed on January 25, 2016 (the "Motion").  The Court having considered the Motion, the *Declaration of John Summersett in Support of Chapter 11 Petition and First Day Motions*, and the record in this case, and it appearing to the Court that (a) the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; (b) the Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334; (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (d) notice of the Motion appears sufficient under the circumstances; and (e) good and sufficient cause exists for the relief granted herein,

Accordingly, it is hereby **ORDERED** as follows:

1. The Motion is **GRANTED** pursuant to the terms of this Order.[4]

2. The Debtors are authorized in their sole discretion to pay the Prepetition Compensation, Prepetition Deductions, Expense Reimbursements, and Prepetition Benefits that accrued but remained unpaid as of the Petition Date to or for the benefit of the Debtors' Employees, provided that none of the Debtors' Employees may be paid Prepetition Compensation in excess of $12,475.

3. All applicable banks and other financial institutions are authorized and directed to receive, process, honor and pay any and all checks drawn on the Debtors' accounts in respect of the Prepetition Compensation, Prepetition Deductions and Prepetition Benefits, whether such checks were presented prior to or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments.

4. GLC is authorized, but not obligated, to continue to manage the payroll and expenses for the Westphalia Subsidiaries; provided, however, before GLC may make any payments for payroll or expenses for the Westphalia Subsidiaries, Clinton County Telephone Company, the parent of the Westphalia Subsidiaries, must transfer sufficient funds to GLC such that GLC will not be expending its own funds to satisfy such payroll or expenses.

---

[4] Capitalized terms not otherwise defined herein have the meanings set forth in the Motion.

5. Nothing in the Motion or this Order will be deemed or construed as (a) an admission by the Debtors as to the validity of a claim or (b) as authorization to assume any executory contract or lease under § 365 of the Bankruptcy Code.

**END OF ORDER**

*Order prepared and submitted by:*

Timothy A. Fusco (P13768)
Stephen S. LaPlante (P48063)
Proposed Attorneys for the Debtors
150 West Jefferson, Suite 2500
Detroit, MI  48226
(313) 963-6420
laplante@millercanfield.com

Proposed attorneys to the Debtors
and Debtors-in-Possession

Signed: January 27, 2016




John T. Gregg
United States Bankruptcy Judge