UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re: | Chapter 11 |
| GREAT LAKES COMNET, INC. | Case No. 16-00290 (jtg ) |
| Debtor. _____ | |
| In re: | Chapter 11 |
| COMLINK, L.L.C. | Case No. 16-00292 (jtg ) |
| Debtor. _____/ | Honorable  John T. Gregg |

**ORDER GRANTING DEBTORS' MOTION TO CONTINUE USING THEIR EXISTING BANK ACCOUNTS, BUSINESS FORMS AND CASH MANAGEMENT SYSTEMS**

Before the Court is the *Debtors' Motion for an Order Authorizing Continued Use of Their Existing Bank Accounts, Business Forms and Cash Management System* filed on January 25, 2016 (the "Motion").  The Court having considered the Motion, the *Declaration of John Summersett in Support of Chapter 11 Petitions and First Day Motions*, and the record in this case, and it appearing to the Court that (a) the Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (d) sufficient notice of the Motion has been provided through service given to the Office of the United States Trustee, counsel for the Debtors' pre-petition secured lender, and the Debtors' twenty (20) largest unsecured creditors; and (e) good and sufficient cause exists for the relief granted herein,

Accordingly, it is hereby **ORDERED** as follows:

1. The Motion is **GRANTED** pursuant to the terms of this Order.[3]

2. The Debtors are authorized to continue maintaining and using (a) their pre-petition business forms and bank accounts and to treat such accounts for all purposes as debtor-in-possession accounts, and (b) their customary Cash Management Procedures in the ordinary course; *provided, however,* (i) the Debtors will maintain records of all transactions within their Cash Management System so that pre-petition and post-petition transactions can be readily ascertained, traced, and recorded properly, and so that unauthorized payment of pre-petition claims will be avoided, and (ii) as soon as practicable, the Debtors will obtain new checks imprinted with the notification "Debtor in Possession, Case # _____" or with such other language as may be acceptable to the United States Trustee. Checks printed directly by the Debtors will include this language as soon as practicable.

3. The Debtors' banks (a) are authorized to continue servicing and administering the Debtors' bank accounts as accounts of the Debtors and Debtors in Possession without interruption and in the usual and ordinary course, and to receive, process, honor, and pay any and all checks, drafts, wires, or automated clearing house transfers ("ACH Transfers") drawn on the Debtor's bank accounts; (b) are authorized to accept and honor all representations from the Debtors as to which checks, drafts, wires, or ACH Transfers should be honored or dishonored consistent with any order(s) of this Court, whether the checks, drafts, wires, or ACH Transfers are dated prior to, on, or subsequent to the Petition Date, and whether or not the Bank believes the payment is or is not authorized by any order(s) of the Court; (c) have no duty to inquire as to whether such payments are authorized by any order(s) of this Court; and (d) have no liability to any party on account of following the Debtors' instructions in accordance with this order.

---

[3] Capitalized terms not otherwise defined herein have the meanings set forth in the Motion.

4.  The Debtors' banks are further authorized and permitted to charge back returned items of the Debtors against amounts on deposit in the bank accounts, regardless of whether such amounts were deposited before or after the Petition Date, and the banks will be entitled to receive payment of prepetition and postpetition fees, costs, charges, and expenses to which such bank may be entitled under the terms of their contractual arrangements with the Debtors.

5.  Nothing herein will prevent the Debtors from opening any additional bank accounts or closing any existing bank account(s) as the Debtors may deem necessary and appropriate in the ordinary course of their business, and the banks are authorized to honor the Debtors' requests to open or close accounts; *provided that*, any new account will be with a bank that is insured with the Federal Deposit Insurance Corporation or the Federal Savings and Loan Insurance Corporation and that is organized under the laws of the United States or any State therein. Such new accounts will be subject to the same provisions and obligations of this order, and the Debtors will immediately provide the U.S. Trustee's office with notice of the closing or opening of any new accounts.

6.  GLC is authorized, but not obligated, to continue to manage the payroll and expenses for the Westphalia Subsidiaries; provided, however, before GLC may make any payments for payroll or expenses for the Westphalia Subsidiaries, Clinton County Telephone Company, the parent of the Westphalia Subsidiaries, must transfer sufficient funds to GLC such that GLC will not be expending its own funds to satisfy such payroll or expenses.

7. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

8. Nothing in this Order constitutes a determination of any rights or claims of Rural Telephone Finance Cooperative (RTFC) or any defenses of any party in interest thereto.

END OF ORDER

Order prepared and submitted by:

Timothy A. Fusco (P13768)
Stephen S. LaPlante (P48063)
150 West Jefferson Ave., Suite 2500
Detroit, MI 48226
(313) 963-6420
laplante@millercanfield.com

Proposed Attorneys to the Debtors
and Debtors-in-Possession

**Signed: January 28, 2016**




John T. Gregg
United States Bankruptcy Judge